UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER A. RIDDLE,

    Plaintiff,

Case No. 1:24-cv-468

Hon. JANE M. BECKERING

v.

MOSHE IRON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* lawsuit filed by Christopher A. Riddle ("plaintiff"), a prisoner in the custody of the Michigan Department of Corrections (MDOC). At the time he filed this lawsuit, plaintiff was incarcerated at the Parnell Correctional Facility in Jackson, Michigan (SMT). Plaintiff is suing Moshe Iron ("defendant") for defamation. For the reasons set forth below, this complaint should be dismissed.

    **I.**    **Plaintiff's complaint**

Plaintiff set forth the following allegations. Defendant is the "CEO/owner" of Save Mo Bucks in Battle Creek, Michigan. *See* Compl. (ECF No. 1). On June 25, 2021, defendant defamed plaintiff by "calling the Battle Creek Police Department to report that I (Christopher Riddle #597922) come into his store waiving [sic] a firearm at employees." *Id*. at PageID.3. "[Defendant] made this statement about me knowing it was false, which he called back to dispatch stating was false & also telling this to officers that it was false." *Id*. According to plaintiff,

defendant's call to the police eventually led to plaintiff "getting convicted for felony firearm." *Id.*[1]

Plaintiff did not identify his residence at the time of the 2021 incident. However, plaintiff suggests that he lived in the Battle Creek, Michigan area at that time, stating that "[h]ad the defendant never called Battle Creek Police Department with the statement he made, I would still be in the community becoming a better person." *Id*. Plaintiff blames defendant's actions for: turning him into an alcoholic "because I knew that I was going to end up back in the system after being in here since the age of 15-28"; suffering mental health problems; almost causing plaintiff's wife to divorce him; causing plaintiff to relapse into depression; causing his wife to go into debt. *Id*. In short, "[defendant's] actions DEFAMED me as a man, a husband, a father, & a citizen of my community, because if Defendant would have never made false accusations involving me, I would never have been put in a situation that makes me less then [sic] a person." *Id*. at PageID.3-4. For his relief, plaintiff wants damages in the amount of $1,500,000.00 and his filing fees "for Defamation of character." *Id*. at PageID.4.

**II.     Discusssion**

Plaintiff was granted leave to proceed *in forma pauperis* (ECF No. 4). Having granted plaintiff *in forma pauperis* status, "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e). Here, it is unnecessary for the Court to address the sufficiency of plaintiff's complaint because he has failed to establish federal subject matter jurisdiction.

---

[1] MDOC records indicate that plaintiff pled guilty in Calhoun County, Michigan to "Weapons – Felony Firearms". The offense occurred on June 25, 2021and plaintiff was sentenced on November 27, 2023. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=597922 .

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). In this regard, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction").

Plaintiff has two potential sources of subject matter jurisdiction, federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332. The Court will review jurisdiction as a "facial attack" on the allegations set forth in the complaint. "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Building Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "When reviewing a facial attack, a district court takes the allegations in the complaint as true[.]" *Id*. Because plaintiff is proceeding *pro se*, the Court will read his complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally

3

construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Federal question jurisdiction arises pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, plaintiff does not allege any facts which support a claim that defendant violated his rights under the "Constitution, laws, or treaties of the United States." As discussed, plaintiff's complaint alleged a state law tort of defamation against defendant, an individual who owned a store in Battle Creek, Michigan.[2]

Finally, plaintiff does not allege any facts to establish diversity jurisdiction under 28 U.S.C. § 1332, which requires that the parties are "citizens of different states" and that "the matter in controversy exceeds the sum or value of $75,000." *See* 28 U.S.C. § 1332(a)(1). Under § 1332, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). As discussed, the allegations in the complaint do not establish that plaintiff and defendant are citizens of different states. Accordingly, plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

### III.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  May 10, 2024              /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge

---

[2] *See Johnson v. Trott & Trott, P.C.*, 829 F. Supp. 2d 564, 572 (W.D. Mich. 2011) ("In Michigan, defamation claims consist of four elements: '(1) a false and defamatory statement; (2) publication to a third party; (3) fault—at least negligence—in publishing the statement; and (4) either actionability of the statement irrespective of special harm (defamation per se) or . . . special harm caused by publication (defamation per quod).' ").

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).